IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FIRST AMERICAN** | : | CIVIL ACTION |
| **MARKETING CORP.,** | : | |
| | : | |
| Plaintiff | : | NO. 09-1552 |
| | : | |
| v. | : | |
| | : | |
| **UNITED INTEGRITY** | : | |
| **GROUP,** | : | |
| Defendant | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                                    July 22, 2009

The plaintiff, First American Marketing Corporation, filed a Motion to Remand this case, pursuant to 28 U.S.C. §1447, back to the Court of Common Pleas, Bucks County, Pennsylvania, from which it was removed by the defendants, United Integrity Group. FAMC also seeks attorneys' fees based on its belief that the defendants' lacked "an objectively reasonable basis for seeking removal." I grant the Motion to Remand; I will not award attorneys' fees.

**I. BACKGROUND**

FAMC claims that UIG breached an agreement to settle an earlier lawsuit, filed by FAMC on February 2, 2005 in this court. In the 2005 case, FAMC sued UIG and its owners (all former employees or directors of FAMC).[1]  The suit culminated in a

---
[1] Civil Action No. 05-CV-468-LS

1

settlement agreement and a proposed Consent Order, both dated March 2007.  This Agreement included a provision in which the parties acknowledged that this court would maintain "exclusive jurisdiction" over the Agreement.  The Consent Order incorporated a jurisdiction retention provision; however, the Consent Order expired on September 23, 2008.[2]

In late March 2009, FAMC filed this suit against UIG and Serfass, an owner, alleging four state law claims concerning the Agreement: 1) breach of contract, 2) breach of the duty of good faith and fair dealing, 3) tortious interference with prospective economic advantage and 4) fraud.  The defendants removed the case to this court, even before they had been formally served by FAMC.

FAMC is incorporated in Maryland, with its principal place of business in Colorado Springs, Colorado. The defendants are, by admission in their Notice of Removal, citizens of Bucks County, Pennsylvania.  See Defs.' Notice of Removal ¶¶ 5-6.  The total amount claimed by the plaintiff is less than $75,000, excluding interests and costs.[3]  See Pl. Memo. of Law in Support of Mot. to Remand at 2.

Although it would appear there is no basis for federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), the defendants contend that removal was proper because

---

[2] The proposed Consent Order was filed and docketed as a proposed Consent Order, because I did not sign it. Nevertheless, it expired by its own terms on September 23, 2008.

[3] 28 U.S.C. § 1332.  Diversity of citizenship; amount in controversy; costs
(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between--
  (1) Citizens of different States …"

this case enjoys supplemental jurisdiction under 28 U.S.C. § 1367[4], the defendants' counterclaim contributes to an aggregate amount in controversy exceeding $75,000, and the Agreement binding the parties, as well as the expired Consent Order, stipulated federal jurisdiction.

**II. STANDARD FOR REMAND**

Federal courts possess limited jurisdiction and thus "only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar Inc. et al. v. Williams et al., 482 U.S. 386, 392 (1987). The procedure for remanding to state court, after removal has been effected according to 28 U.S.C. § 1446, is set forth in 28 U.S.C. §1447, which provides:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal …

Accordingly, "if the court determines that it lacks federal subject matter jurisdiction, then remand is *mandatory*." Apoian v. Am. Home Prods., Corp., 198 F. Supp.2d 454, 455 (E.D. Pa. 2000) (citing 28 U.S.C. §1447(c)) (emphasis added). Additionally, "removal statutes 'are to be strictly construed against removal and all doubts resolved in favor of

---

[4] In the defendants' Brief in Opposition to the plaintiff's Motion for Remand, the defendants argue that this Complaint is "of the same case or controversy as the [o]riginal [l]awsuit" and thus would fall under 28 U.S.C. § 1367, providing supplemental jurisdiction.

remand.'" Id. at 456 (quoting Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (quoting Steel Valley Auth. V. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1989))).

**III. DISCUSSION**

**A. Federal Diversity Jurisdiction**

Absent a federal question, diversity of citizenship and an amount in controversy exceeding $75,000 must exist for a federal court to possess subject matter jurisdiction.[5] In diversity suits, the "requirement of an amount in controversy exceeding $75,000 applies to removed cases as well as litigation filed originally in federal court." Samuel-Bassett v. KIA Motors Am., Inc., (3d Cir. 1995).

Diversity of citizenship clearly exists; however, the plaintiff does not seek damages in excess of $75,000. The defendants assert, in their Notice of Removal, that the amount in controversy is satisfied by their intent "to file an Answer and Counterclaim where damages will be claimed in an amount greater than $75,000.00." However, the assertion that a defendant's counterclaim is accounted for in the amount in controversy for purposes of diversity is contrary to Eastern District of Pennsylvania jurisprudence and the maxim that a plaintiff should be the "master of the claim."[6] Caterpillar, 482 U.S. at 392.

---

[5] Federal question jurisdiction is defined in 28 U.S.C. §1331. Diversity jurisdiction and amount in controversy are defined in 28 U.S.C. §1332.

[6] Caterpillar, 482 U.S. at 392 states that federal question jurisdiction is governed by the well-pleaded complaint rule so as to allow the plaintiff to "avoid federal jurisdiction by exclusive reliance on state law."

Although there is case law to suggest a defendant's counterclaim may satisfy the amount in controversy requirement for diversity jurisdiction[7], "the majority of the courts follow the rule the amount in controversy is determined by the plaintiff's complaint, stating that since the jurisdictional requirements apply to removed actions to the same extent as to original actions, no part of the required jurisdictional amount may be met by considering a defendant's counterclaim, whether permissive or compulsory." Oliver v. Haas, 777 F.Supp 1040, 1042 (citing Michael F. Ronca and Sons, Inc. v. Monarch Water Systems, No. 90-5029, 1990 WL 140154 (E.D. Pa. Sept. 24, 1990); PS Group, Inc. v. Aladdin Engineering and Manufacturing, Inc., No 90-4371, 1990 WL 122938 (E.D. Pa. Aug. 21, 1990); Video Connection of America v. Priority Concepts, 625 F.Supp. 1549 (S.D.N.Y. 1986); Williams v. Beyer, 455 F.Supp. 482 (D.N.H. 1978)).

Here, the defendants intimate that the amount in controversy requirement is met by their intent to file a counterclaim that would exceed $75,000. However, we look only to the damages sought by FAMC. FAMC's total claims, excluding costs and interests, are indisputably less than $75,000. See Pl. Memo. of Law in Support of Mot. to Remand at 5. The defendants' prospective counterclaim cannot be used to comply with the amount in controversy requirement, and thus the defendants' have no basis for federal diversity jurisdiction under 28 U.S.C. § 1332.

---

[7] The Third Circuit held in Spectacor Mgmt. Group v. Brown, 131 F.3d 120, 121 (3d Cir. 1997) that the "amount of a [compulsory] counterclaim may be considered by the court in determining if the amount in controversy exceeds the statutory requirement for diversity jurisdiction."

**B. Supplemental Jurisdiction**

Similarly, supplemental jurisdiction under 28 U.S.C. § 1367 does not apply to the removed claims. The United States Supreme Court has held that "[e]nforcement of [a] settlement agreement … is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994). Therefore, the defendants' argument that the court possesses supplemental jurisdiction over the enforcement of the settlement agreement is ineffectual.

**C. Settlement Agreement and Consent Order**

The Agreement and the proposed Consent Order do not confer federal jurisdiction. In Kokkonen, the parties reached a settlement and executed a stipulation and order of dismissal. The Supreme Court held the district court erroneously ordered enforcement of the settlement agreement upon complaint because it possessed neither ancillary jurisdiction nor inherent power to do so. Id. at 380-381; see also Shaffer v. GTE North Inc., 284 F.3d 500 (3d. Cir. 2002).

The United States Supreme Court set out two situations in which a district court would possess ancillary jurisdiction in the enforcement of a settlement agreement in Kokkonen at 381:

> The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal – either by [1] separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or [2] by incorporating the terms of the settlement agreement in the order. In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist.

Here, the proposed Consent Order does not incorporate the terms of the settlement. Second, while the Consent Order does state "[t]his court shall retain jurisdiction of this matter for all purposes," it also states, in indisputable terms on the same page, that the order "shall remain in full force and effect until September 23, 2008." Consent Order for Injunction ¶¶ 4,5. This case was not filed until approximately six months after the expiration of the proposed Consent Order; thus, it does not confer federal jurisdiction on the parties.

The defendants also maintain that the parties' Agreement guarantees federal jurisdiction[8]. However, this contention too is unsound. The United States Supreme Court dictated that a "lack of federal jurisdiction cannot be waived or be overcome by an agreement of the parties." Mitchell v. Maurer et al., 293 U.S. 237 (1934). Further, if given the power to confer jurisdiction, "litigants would be able to expand federal jurisdiction by action, agreement, or their failure to perceive a jurisdictional defect. Such

---

[8] Page 21 of the Agreement provides:
"The parties acknowledge that the United States District Court for the Eastern District of Pennsylvania shall have exclusive jurisdiction over this Agreement, and specifically waive any claims they may have which involve jurisdiction or venue, including but not limited to *forum non conveniens*."

a result would be in direct conflict with the concept of limited jurisdiction." Gainnakos v. M/V Bravo Trader, 762 F.2d 1295 (5th Cir. 1985). Moreover, although the defendant contends it was, and it may well have been, the express intent of the parties to confine jurisdiction to the Eastern District of Pennsylvania, intent does not create federal jurisdiction and supplant the requirements of 28 U.S.C. §1332.

Therefore, the defendants' removal was inappropriate, because the claim could not have been brought originally in federal court; thus, this court is obligated to remand the case.

**D. Attorneys' Fees**

FAMC also seeks recovery of fees and costs incurred in opposing the removal. Section 1447(c) provides "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Under Section 1447(c), an award of fees and costs is "discretionary." Apoian, 108 F.Supp. 2d at 459. The United States Supreme Court has stated that "[a]bsent unusual circumstances, fees and costs are only to be awarded where the removing party lacked an objectively reasonably basis for seeking removal." Martin v. Franklin Capital Corporation et al., 546 U.S. 132, 140 (2005). The removing party need not even have acted in bad faith. Mints v. Educ. Testing Serv., 99 F.3d 1253, 1260 (3d Cir. 1996). If removal is patently "frivolous" or "insubstantial," then granting attorney fees is

appropriate.  Id. at 1261.  While I reject the defendants' arguments in support of jurisdiction, there is some dispute among the federal courts as to the calculation of the amount in controversy, and thus it may be said the defendants were objectionably reasonable in their removal.  The defendants' contentions were not manifestly frivolous, and thus, I decline to award fees and costs.

## IV. CONCLUSION

First, because the defendants erroneously removed the case to federal court, the plaintiff's Motion to Remand is granted.  Second, although the Motion to Remand has merit, fees and costs are not appropriate in this case given the disparity in the federal precedent pertaining to the calculation of the amount in controversy for diversity purposes.